Per Curiam.
When this cause was argued before us we reversed the conviction and judgment. Our reasons were given in an opinion. The people appealed to the court of appeals. That court, on defendant’s motion, has made an order dismissing the appeal, unless the people shall procure a modification of the order of reversal, and remitting the return to this court for that purpose.
It does not appear in that order on what ground the appeal was dismissed. And that court has often said (and recently in People v. Boas, 92 N. Y., 563), that it cannot look to the opinion to learn the grounds of an order or judgment. Hence we are not informed (since the order is silent in that respect) on What grounds the court of appeals dismissed this appeal.
The people have applied for and have obtained a modification of our order, giving a fuller statement of our action.
The people now ask that this cause be re-argued in this court, in order that the court may say whether it is satisfied that the verdict was, or was not, against the weight of evidence. And that the court may say whether it would, or would not, have ordered a new trial for that reason, if the court had seen no error of law. Code Crim. Pro., §527.
The defendant opposes this.
One serious difficulty meets us in the outset. This court is not now constituted as it was when the cause was argued. *395 One of the justices who then sat is absent, and another justice is in his place. The defendant therefore would be deprived of the conclusion, if any, at which the justice who is now absent may have then arrived.
Nor does it seem to us that the order remitting the return was intended to provide for a re-argument of the cause. It speaks only of a modification of the order.
The defendant says that on the argument he asked for a reversal on the facts and the law, or either. Of this, one of the justices now sitting can have no knowledge. Whether this was so or not, the attention of the court was principally called to the legal questions. Seeing sufficient ground of reversal, we did not examine to see whether the verdict was against evidence.
First, This was unnecessary.
Second, In our view of the law, without additional evidence the conviction could not stand.
If the court of appeals shall hold that there was no error of law on the trial, and shall then remit the case to us for examination upon the facts, we shall then be able to proceed upon real and not upon hypothetical grounds. Whether such is the proper practice it is not for us to say..
We did not examine even all the legal grounds presented; nor was it necessary to do so. And it seems to us quite inappropriate to make a re-examination of the case in order to determine what we should have have decided on one point, provided we had decided differently on another.
If error had been committed on the trial, the defendant claimed a new trial as a right; otherwise he asked it (as he says) for a mistaken conclusion of the jury. We thought him entitled to it as a matter of right, and he is satisfied. He asks no further investigation after that result.
Motion for re-argument denied.
Landon and Mayham, JJ., concur.